Citron v. Minn. Mining Man.          CV-93-662-JD  05/28/96

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Samuel Citron

        v.                                Civil No. 93-662-JD

Minnesota Mining &
Manufacturing Co.


                            O R D E R


     The plaintiff, Samuel Citron, brought this patent

infringement action against the defendant, Minnesota Mining and

Manufacturing Company ("3M").  3M denied infringement and filed a

counterclaim seeking a declaration that the patent is invalid and

not infringed.  Currently before the court is 3M's supplemental

motion for summary judgment under the doctrine of equivalents

(document no. 38).


                          Background[1]

     Samuel Citron is the inventor and owner of U.S. Patent No.

4,223,058 ("the '058 patent"), Materials for Use in Framing

Pictures and Documents.  The patent contains four claims.[2]  The

_____

     [1]The facts relevant to the instant motion are either not in
dispute or have been alleged by the plaintiff.

     [2]Claim 1 of the '058 patent reads:

     A tape for use in attaching a sheet to a surface, said
     tape including an adhesive coat on one face that

claimed invention is an adhesive tape with a colored adhesive portion and a transparent or translucent non-adhesive portion. The adhesive portion extends the length of the tape and a portion of the way across the width of the tape. The colored adhesive portion serves the dual purpose of affixing a picture or document to a surface and acting as a frame or alignment guide for mounting the picture or document. The adhesive portion does not

extends the full length thereof and from one edge part way across said one face with the uncoated portion of said one face to overlie a margin of said sheet, said adhesive colored and disposed to establish a straight and continuous demarcation between the coated and uncoated portions of said one face that parallels the edges of said tape, said tape at least sufficiently translucent to enable said adhesive portion to be observed through said tape thus to enable said tape to be applied against the surface along a margin of the sheet with the inner edge of the adhesive substantially in abutment with the edge of said margin but without adhesive contacting said sheet or to establish a frame the sheet receiving dimensions of which are established by said lines.

The remaining claims are dependent on claim 1 and describe various embodiments of the claim 1 tape. Claim 2 reads:

The tape of claim 1 in which the tape is transparent.

Claim 3 reads:

The tape of claim 1 in which the tape is colored, the color of the adhesive distinguishable from that of the tape.

Claim 4 reads:

The tape of claim 1 in which the other face of the tape is printed.

2

contact the picture or document. Rather, the non-adhesive portion of the tape provides a pocket into which the edges of the picture or document extend.

Citron claims that the '058 patent is infringed by Post-it™ brand tape flags, a product manufactured and marketed by 3M. The accused product is comprised of a tape approximately one and three-quarter inches long and one inch wide. The tape is divided vertically into an adhesive portion one and one-eighth inches wide and a non-adhesive portion five-eighths of an inch wide. The non-adhesive portion is coated with brightly colored ink. The adhesive portion of the flag is sufficiently translucent or transparent to permit viewing that portion of a page to which the flag is appended.

By order of September 27, 1995, the court granted 3M's motion for summary judgment on the plaintiff's literal infringement claim. The court found that the claims require the addition of a colorant to the adhesive used in the tape, and granted summary judgment because it was undisputed that 3M does not add colorant to the adhesive it applies to its Post-it™ flags. Citron v. Minnesota Mining & Mfg. Co., No. 93-662-JD, slip op. at 25-26. (D.N.H. Sept. 27, 1995). However, the court denied the defendant's motion for summary judgment on the plaintiff's doctrine of equivalents claim, finding a genuine

issue of material fact concerning the sufficiency of the adhesive used in Post-it™ flags to serve as a frame or alignment guide. Id. at 26-27. The court stated:

> To establish infringement under the doctrine of equivalents, Citron must show that 3M's Post-it™ adhesive is the equivalent of the colored adhesive required by the Citron claims. An adhesive that cannot be observed either as a frame or alignment guide cannot be equivalent to a colored adhesive that is employed for the purposes of those functions.

Citron, slip op. at 26 (citations omitted). The instant motion followed.

## Discussion

The court may only grant a motion for summary judgment in a patent case where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575 (Fed. Cir. 1994); Paragon Podiatry Lab., Inc. v. KLM Labs., Inc., 984 F.2d 1182, 1190 (Fed. Cir. 1993); Becton Dickinson and Company v. C.R. Bard, Inc., 922 F.2d 792, 79 5 (Fed. Cir. 1990); Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd., 731 F.2d 831, 835 (Fed. Cir. 1984).

The established facts and any inferences drawn from such facts must be viewed in a light most favorable to the opposing party. Barmag, 731 F.2d at 836. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Allied Colloids Inc. v. American Cyanamid Co., 64 F.3d 1570, 1575 (Fed. Cir. 1995).

The doctrine of equivalents protects patent owners' rights by preventing potential infringers from making only minor changes to an invention and thereby avoiding infringement. Hilton Davis Chemical Co. v. Warner-Jenkinson Co., Inc., 62 F.3d 1512, 1517 (Fed. Cir. 1995) (en banc), cert. granted, 116 S.Ct. 1014 (1996). An accused device may infringe under the doctrine of equivalents if, viewed under an objective standard, the differences between the accused and allegedly infringing products are "insubstantial." Id. at 1518. Typically, the inquiry requires an assessment of whether the accused product performs substantially the same function in substantially the same way to obtain substantially the same result as the patented invention. Id. (noting that evidence beyond function, way, and result also may be relevant to the substantiality of the differences); see also Graver Tank & Mfg. Co. v. Linde Air Prods. Co. 339 U.S. 605, 609 (1950); Valmont Industries, Inc. v. Reinke Mfg. Co., Inc., 983 F.2d 1039, 1043 n.3 (Fed. Cir. 1993); Perkin-Elmer Corp. v.

5

Computervison Corp., 732 F.2d 888, 901-02 (Fed. Cir.), cert. denied, 469 U.S. 857 (1984).

The doctrine of equivalents is not a means of evading the limitations set forth in a claim. "In order for the court to find infringement, the plaintiff must show the presence of every element or its substantial equivalent in the accused device." Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 935 (Fed. Cir. 1987) (quoting Perkin-Elmer, 822 F.2d at 1532-33) (internal quotation marks omitted), cert. denied, 485 U.S. 961, and cert. denied, 485 U.S. 1009 (1988). Infringement under the doctrine of equivalents is a question of fact, Hilton Davis, 62 F.3d at 1520, and summary judgment is not warranted unless there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See, e.g., London v. Carson Pirie Scott & Co., 946 F.2d 1534, 1540-41 (Fed. Cir. 1991).

The court's September 27, 1996, order noted that the prosecution history of the '058 patent excluded from the patent "the change in transparency occurring when a portion of tape is coated with an adhesive that would be considered standard by the industry, and exclude[d] from the patent term `color' any hue, tone, or pigment commonly found in standard adhesives." Citron, slip op. at 18. However, the September 27, 1996, order relied on more than merely the prosecution history to limit the breadth of

6

the '058 patent. The court also considered the claim language and the specification and concluded that the term "colored" in the patent requires "the addition of a colorant to the adhesive." Id. at 25. Because this limitation is an element of the claim, a finding of infringement under the doctrine of equivalents would require a finding that the addition of Post-it™ adhesive to a substrate performs substantially the same function in substantially the same way to obtain substantially the same result as, or would otherwise be equivalent to, the addition to a substrate of an adhesive to which a colorant has been added.

In support of its supplemental motion for summary judgment, 3M has supplied several samples of the polyester tape substrate used in Post-it™ flags, one of which is coated in part with the Post-it™ adhesive, and another of which is coated in part by an adhesive to which a green colorant has been added. 3M has placed these samples on both white and black backgrounds.

The court finds that 3M's exhibits demonstrate the lack of a genuine issue of material fact concerning the alleged equivalence of a substrate coated with Post-it™ adhesive and a substrate coated by an adhesive to which a colorant has been added. Although the addition of Post-it™ adhesive to a substrate may be sufficient to provide a frame or an alignment guide, particularly when the adhesive is attached to a dark background, the adhesive

7

does not perform the framing or aligning functions in substantially the same way as, and is not otherwise equivalent to, an adhesive to which a colorant has been added. Indeed, the adhesive to which a green colorant has been added emits an identifiable color that corresponds to the color of the coloring agent. However, the contrast imparted by the Post-it™ adhesive cannot be attributed to the adhesive's naturally occuring color.

The plaintiff has submitted photographs of several types of adhesives packaged in various containers, and claims that the "Post-it™ adhesive in liquid form has a substantial degree of color when compared to other commercially available samples." The plaintiff further argues that 3M's use of commercial-grade heptane with an amber hue in its Post-it™ adhesive compels the conclusion that Post-it™ adhesive is, in fact, "colored," as that term is defined in the patent, or at least is the equivalent of an adhesive to which a colorant has been added. The arguments are unpersuasive. The court will not redefine the term "colorant" to include ingredients that do not have the actual effect of providing color to an adhesive when the adhesive is applied to a substrate. The undisputed facts demonstrate that Post-it™ flags do not perform framing or aligning functions in substantially the same way as the '058 patent, and that there are

more than insubstantial differences between the items.  Summary judgment therefore is warranted.

## Conclusion

The defendant's supplemental motion for summary judgment (document no. 38) is granted.  The defendant's Post-it™ flags do not infringe the '058 patent.  The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 28, 1996

cc:  Mark D. Lorusso, Esquire
     Martin L. Gross, Esquire
     Gregory A. Madera, Esquire

9